# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOHN WALLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:19-cv-2844-JPM-tmp |
| v. ) | |
| ) | |
| STERLING JEWELERS, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION TO INTERVENE

Before the Court is Chastity Gordon-Fortune's April 18, 2020 Motion to Intervene. (ECF No. 23.) Gordon-Fortune moves the Court to intervene in this action pursuant to Federal Rule of Civil Procedure 24(b)(1)(B) because "her claims of sexual harassment and retaliation brought under Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act, T.C.A. § 4-21-101 share common questions of law and fact with the main action and satisfy the requirements of permissive intervention."  (Id. at PageID 69.)  Gordon-Fortune argues that the "Walls and Fortune cases share common issues of law and fact including witnesses – the foremost being District Manager Eric Smith – who terminated Walls, sexually harassed Fortune until she complained, and then retaliated against Fortune by furloughing her without pay."  (Id. at PageID 70.)  According to Gordon-Fortune, these witnesses include herself and Nick Slabaugh, an HR-investigator for Defendant.  (Id. at PageID 70–72.) Gordon-Fortune also asserts that "[a]n important common issue to Walls and Fortune is Sterling's affirmative defense that it has acted in good faith and [put] corrective processes in place." (Id. at PageID 72.)  Gordon-Fortune asserts that she and Walls "both endeavor to

show that Sterling has, for many years, conducted ruse 'investigations' designed only to protect Sterling and its managers from the consequences of their wrongdoing," and that "Walls and Fortune share the common need to obtain discovery to disprove Sterling's affirmative defense of having an effective program to prevent and correct illegal discrimination." (Id. at PageID 72–73.) Finally, Gordon-Fortune asserts that she and Walls will share considerable discovery related to "sexual harassment cases" and that both cases "present the first opportunity for a court to look inside Sterling's 'insidious' 'lock box.'" (Id. at PageID 73).

Defendant Sterling Jewelers opposes the Motion. (ECF No. 24.) Defendant argues that Gordon-Fortune's claims "lack common questions of law and fact with John Wall's [ ] claims . . . [and that] Fortune's intervention in Walls's lawsuit would prejudice Sterling." (Id. at PageID 89.) Defendant provides several arguments in support of its position. First, Defendant argues that Gordon-Fortune's case does not share common questions of law or fact because the fact "that there exist common witnesses in each suit does not mandate permissive intervention." (Id. at PageID 92.) Defendant asserts that "common witnesses and common questions of law are not mutually exclusive" and that Slabaugh's and Gordon-Fortune's involvement as witnesses in Walls's case do not support intervention. (Id. at PageID 95–96.) Second, Defendant argues that shared discovery and shared affirmative defenses do not qulify as common questions of law or fact, and that discovery in these cases will not be related. (Id. at PageID 97–98.) Third, Defendant argues that Walls and Gordon-Fortune have brought actions under two different statutes and seek separate damages. (Id. at PageID 99–100.) Defendant asserts that "Walls and Fortune will present two separate claims . . . [and] [i]n doing so, they will present *distinct* evidence to establish the *distinct* elements of their *distinct*

claims." (Id. at PageID 100 (emphasis in original).) Defendant asserts that Gordon-Fortune would also present separate theories of damages from Walls and would prejudice Defendant. (Id. at PageID 101–02.)

For the reasons set forth below, the Motion is **DENIED**.

I.   **BACKGROUND**

   A.   **John Walls's Age Discrimination Case Against Sterling Jewelers**

Plaintiff John Walls filed this Age Discrimination in Employment Act ("ADEA") action on December 9, 2019. (ECF No. 1.) For 14 years, Walls held the position of general manager at Defendant's Kay Jewelers store in Collierville, Tennessee. (Id. ¶ 3.) Walls alleges that Eric Smith, Defendant's district manager and Walls's supervisor, fired Walls and replaced him with a 25-year-old female manager. (Id. ¶¶ 4–5.) Plaintiff alleges that Smith "undertook a campaign to eliminate older workers and replace them, primarily, with young females." (Id. ¶ 7.) Walls further alleges that after requesting his employee records from Smith, he learned that Smith had "given him [disciplinary] write-ups without his knowledge or [without giving him] an opportunity to respond." (Id. ¶ 14.) Walls asserts that these write-ups alleged that certain stores that Walls did not manage were "dirty." (Id.) Walls alleges that after he received his personnel files, Smith issued another disciplinary write-up and that the write-up falsely indicated that Walls "refused to sign" the document. (Id.) Walls alleges that he discovered at least three other write-ups in which Smith allegedly forged his signature. (Id. ¶ 15.) Walls alleges that Smith "did not forge the signature of younger employees on counseling statements." (Id.)

Walls only asserts a single ADEA disparate treatment claim.[1]  (Id. ¶¶ 16–18.)

**B.    Chastity Gordon-Fortune's Sexual Harassment and Retaliation Case Against Sterling Jewelers**

On April 18, 2020, Chastity Gordon-Fortune filed her Motion to Intervene.  (ECF No. 23; Complaint in Intervention, ECF No. 23-1.)  Plaintiff asserts claims of sexual harassment and retaliation under Title VII and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq*.  (ECF No. 32-1 ¶ 1.)

Gordon-Fortune is a 22-year-old female who in May 2015 began working as a sales associate and later held the positions of assistant and general manager at several of Defendant's Kay Jewelers locations.  (Id. ¶ 4.)  Gordon-Fortune alleges Eric Smith (the same district manager who supervised Walls) sexually harassed her and then retaliated against her for filing complaints of sexual harassment.  (Id. ¶¶ 4–5.)  Plaintiff alleges that after she began working as an assistant manager at Defendant's Corinth, Mississippi Kay Jewelers store, Smith "started making inappropriate comments and threats" that included "ask[ing] [Gordon-Fortune] to come to his hotel and tell her husband that the alarm at the store had gone off so she could get home late."  (Id. ¶ 4.)  Gordon-Fortune also alleges that after returning from maternity leave in 2017, Smith "asked Fortune how her breast milk tasted."  (Id.)  Gordon-Fortune further alleges that after Smith transferred her to the Kay Jewelers located in Southaven, Mississippi, she learned that Smith had sexually harassed and later terminated a coworker, with whom he had an affair.  (Id. ¶ 5.)  Gordon-Fortune alleges that her coworker filed a complaint against Smith.  (Id.)  Smith allegedly asked her if she had "said anything to HR?"  (Id.)  Gordon-Fortune alleges that he "vowed to [Gordon-Fortune] that he would fire

---

[1] Walls and Defendant stipulated to the dismissal of Walls's Tennessee Human Rights Act claim (ECF No. 15), which the Court dismissed on March 3, 2020 (ECF No. 18).

employees for 'running their mouth' and that he would 'clean house' and get rid of managers who want to 'talk . . . .'" (Id.)

Gordon-Fortune alleges that Defendant "routinely conducts ruse 'investigations' which are designed solely to protect Sterling and its managers from the consequences of wrongdoing." (Id. ¶ 6.) Gordon-Fortune alleges that these "ruse investigations . . . cleared [Smith] of wrongdoing and only emboldened his sexual harassment of [Gordon-Fortune]." (Id. ¶ 7.) Gordon-Fortune alleges that after this investigation, Smith invited her into the lobby of his hotel for "coaching" and proceeded to make inappropriate comments about Gordon-Fortune's lips and breasts. (Id.) She further alleges that as she left the hotel room, he physically accosted her in a sexual manner. (Id. ¶ 8.) After Gordon-Fortune rebuffed his advances, Smith stated "OK, OK, we will see how far your career goes." (Id.) Smith also allegedly made several inappropriate comments and harassed Gordon-Fortune at a Sterling Jewelers management meeting in Anaheim, California in October 2018. (Id. ¶ 9.)

In July 2018, Gordon-Fortune was promoted to manager of the Kay Jewelers located in Collierville, Tennessee, the "location [that] was formerly managed by John Walls." (Id. ¶ 10.) Gordon-Fortune alleges that Smith referred to Walls as an "old-timer" that "needed to go." (Id.) Gordon-Fortune further alleges that Smith continued to sexually harass her. (Id.) She filed a complaint against Smith with Sterling Jewelers, but Gordon-Fortune alleges that Defendant failed to respond to the incident. (Id.) Specifically, Gordon-Fortune alleges that Nick Slaubaugh, one of Sterling Jewelers' internal affairs investigators, reached out to her and "was read and treated [Gordon-Fortune] with disrespect . . . ." (Id. ¶ 12.)

After Gordon-Fortune filed a charge of discrimination with the EEOC on or about December 2019 alleging sexual harassment, Smith conducted a "surprise 'audit' of her store."

5

(Id. ¶¶ 12–13.) Gordon-Fortune alleges that she was denied a $13,000 bonus at the end of 2019 and that her furlough in April 2020 was a pretext for retaliation. (Id. ¶ 13.) Gordon-Fortune seeks backpay and benefits, reinstatement, her 2019 bonus, and pecuniary damages. (Id. ¶ 14.) Gordon-Fortune also seeks punitive damages and attorneys' fees. (Id. ¶ 15.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 24(b) provides, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); see also Coalition to Defend Affirmative Action v. Granolm, 501 F.3d 775, 784 (6th Cir. 2007). "So long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is a matter left to the discretion of the court." Edmonds v. Berhe, No. 1:18-cv-1222-STA-jay, 2019 WL 3021220, at *1 (W.D. Tenn. July 10, 2019) (quoting League of Women Voters of Mich. v. Johnson, 902 F.3d 572, 577 (6th Cir. 2018)) (internal quotation marks omitted).

A Rule 24 motion to intervene must be timely. See NAACP v. New York, 413 U.S. 345, 365 (1973). In determining whether a motion to intervene is timely, courts are guided by six factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or should have known of its interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure to promptly intervene after they knew or reasonably should have known

6

> of their interest in the case; and (5) the existence of unusual circumstances weighing in favor of or against intervention.

Edmonds, 2019 WL 3021220, at *1 (citing Blount-Hill v. Zelman, 636 F.3d 278, 283 (6th Cir. 2011)). "[T]he absolute measure of the time between the filing of the complaint and the motion to intervene is one of the least important circumstances to be considered in deciding whether a motion is timely." Monroe v. Jackson-Madison Cty. Sch. Sys. Bd. of Educ., No. 72-1327, 2007 WL 1485267, at *3 (W.D. Tenn. May 18, 2007) (quoting Stupak-Thrall v. Glickman, 226 F.3d 467, 475 (6th Cir. 2000)) (internal quotation marks omitted). The "critical factor" is the steps taken along the litigation path between the filing of the complaint and the filing of the motion to intervene. Id.

In deciding the issue of permissive intervention, "the [C]ourt will accept as true all well-pleaded, nonconclusory allegations in the motion to intervene, in the proposed complaint or answer in intervention, and in declarations supporting the motion . . . ." Martin v. Corr. Corp. of Am., 231 F.R.D. 532, 536 (W.D. Tenn. 2005) (quoting 6 James Wm. Moore, Moore's Federal Practice, § 24.01[1][a] (3d ed. 2005)) (internal quotation marks omitted). Rule 24(b) also should be "broadly construed in favor of potential intervenors." Stupak-Thrall v. Glickman, 226 F.3d 467, 472 (6th Cir. 2000) (quoting Purnell v. Akron, 925 F.2d 941, 950 (6th Cir. 1991)).

### III.   ANALYSIS

The Court first finds that Gordon-Fortune's motion is timely. Walls's case is still progressing, and the Parties are engaged in discovery, which is not set to close until October 26, 2020. (See ECF No. 19 at PageID 56.) Gordon-Fortune's request also appears to be a

7

good faith effort to join an ongoing case that she asserts arises out of the same operative facts and legal issues. See Edmonds, 2019 WL 3021220, at *1 ("the purpose for which intervention is sought"). Gordon-Fortune was terminated from her position at Sterling Jewelers in April 2020, indicating that she could not have brought her suit for retaliatory discharge before April 2020. See Id. ("the length of time preceding the application during which the proposed intervenor knew or should have known of its interest in the case"). Gordon-Fortune's delay in filing the Motion does not itself prejudice Defendant or Walls, nor do the facts and circumstances counsel against finding the motion timely. See id. Finally, the Motion was filed before the deadline for the filing of motions to join parties, which passed on April 21, 2020. (See ECF No. 19 at PageID 56.)

Although the Motion is timely, the Court will deny Gordon-Fortune's Motion. Gordon-Fortune's case does not share common questions of law or fact. Additionally, allowing Gordon-Fortune to intervene would unduly prejudice Defendant, would unnecessarily complicate a single-issue employment discrimination case, and is not the least intrusive means to protect Gordon-Fortune's rights. See Johnson, 902 F.3d at 577.

### A. Gordon-Fortune's proposed intervenor complaint shares at least one question of common law or fact.

The same analysis governing whether a case presents a common question of law or fact in the context of Rule 20(a), 23(a)(2), and Rule 42(a) motions also governs whether Gordon-Fortune's proposed intervenor complaint presents a common question of law or fact. 7C Charles Alan Wright & Arther R. Miller, Federal Practice and Procedure, § 1911 (3d ed.). The common question of law or fact inquiry is also a more relaxed standard than the standard for proving intervention as of right under Rule 24(a). See Clarke v. Baptist Mem'l Healthcare

8

Corp., 2014 WL 12626322, at *3 (W.D. Tenn. July 9, 2014) (citing Stupack-Thrall, 226 F.3d at 472); see also Purnell, 925 F.2d at 950 (construing all inferences in favor of intervenor). Despite this relaxed standard, the Court does not agree with Gordon-Fortune that her case shares common issues of law or fact with John Walls's case.

Walls's ADEA claim arises out of conduct that is wholly distinct from Gordon-Fortune's claims of sexual harassment and retaliation. Finding that Eric Smith sexually harassed Gordon-Fortune, that Smith furloughed Gordon-Fortune in retaliation for her complaints of sexual harassment against him, or that Sterling Jewelers failed to properly investigate her complaints of sexual harassment against Eric Smith do not affect Walls's disparate treatment claim. See supra Sec. I. Employment discrimination claims like those brought against Defendant by Walls and Gordon Fortune "are unique to each individual complainant" and do not lend themselves to joint resolution. Seils v. Rochester City Sch. Dist., 199 F.R.D. 506, 512 (W.D.N.Y. 2001); see also Peters v. District of Columbia, 873 F. Supp. 2d 158, 219–20 (D.D.C. 2012) ("Other courts have similarly denied intervention in discrimination cases for failure to show a common question of law or fact 'where they allege disparate treatment claims that are unique to each individual complainant.'" (quoting Jones v. GES Exposition Servs., Inc., 2004 WL 2011396, at *9 (N.D. Ill. Sept. 7, 2004)).). Gordon-Fortune's intervention in the case would be the equivalent of the filing of a new lawsuit against Defendant, based on separate statutes and separate claims of sexual harassment and retaliation. See Deus v. Allstate Ins. Co., 15 F.3d 506, 525 (5th Cir. 1994) ("The intervention rule is . . . not intended to allow the creation of whole new lawsuits by the intervenors."); see also Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998) (affirming district court's

decision to deny intervention in case involving several individuals alleging distinct claims of disparate treatment under Title VII).

The fact that the testimony of several witnesses may be relevant to the two cases does not by itself create common questions of law or fact. Gordon-Fortune asserts that intervention is appropriate because she will be a valuable witness in Walls's case. (ECF No. 23 at PageID 70–71.) Although Gordon-Fortune may ultimately testify in Walls's case as to Eric Smith's "discriminatory behavior as to older Sterling [Jewelers] workers . . . and Smith's admission that he 'forced John Walls out,'" her testimony does not demonstrate that the two cases share a common question of law or fact. It only demonstrates that she could be a potential fact witness to support Walls's case. See Seils, 199 F.R.D. at 513 ("The fact that a plaintiff may attempt to introduce evidence relating to the treatment of a proposed intervenor at trial in the instant matter does not create 'common issues of law or fact' warranting intervention."); see also Sidari v. Orleans Cty., 174 F.R.D. 275, 286 (W.D.N.Y. 1996) ("The fact that plaintiff may attempt to introduce evidence relating to the treatment of Fowlks at trial in the instant matter does not create 'common issues of law or fact' warranting intervention."). Plaintiff also points to Nick Slabaugh as a "common witness in both cases," but his testimony appears to have no bearing on Walls's case. His testimony would directly relate to the inadequacy of Sterling Jewelers's investigations into complaints of sexual harassment against Smith, which has no bearing on Walls's age discrimination case. (Id. at PageID 71–72.)

Gordon-Fortune also asserts that her and Walls's cases will require resolution of the same affirmative defenses. (Id. at PageID 72–73.) Specifically, Gordon-Fortune asserts, "Walls and Fortune will both endeavor to show that Sterling has, for many years, conducted ruse 'investigations' designed only to protect Sterling and its managers from the consequences

10

of their wrongdoing." (Id.) This affirmative defense is not relevant to Walls's Complaint, because his Complaint does not put at issue Sterling Jewelers' failure to investigate complaints he filed against Smith, nor does it require inquiry into the adequacy of Sterling Jewelers' internal investigations and complaint procedures.[2] (See ECF No. 1.)

Even if Walls were to present evidence demonstrating that Sterling Jewelers insufficiently investigated complaints of age discrimination or sexual harassment to rebut Defendant's affirmative defense, that fact does not justify intervention under Rule 24(b). Granting Gordon-Fortune's Motion on these grounds alone would impermissibly expand the scope of Rule 24(b)(1)(A), as the Rule only allows intervention by a complainant "who . . . *has* a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A) (emphasis added). Gordon-Fortune does not *have* an affirmative defense; she would be the plaintiff in her case. Additionally, the Court would extend Rule 24(b) beyond its permissible limits if it were to find that Defendant's assertion of "similar responses" in both Walls's and Gordon-Fortune's cases "necessarily indicates a common question of law or fact." Bay Mills Indian Cmty. v. Snyder, 720 F. App'x 754, 757 (6th Cir. 2018). Such a finding would allow "any party wishing to intervene to support one side of a lawsuit" to do so by "simply reiterat[ing] the pleadings of one side," which Rule 24(b) does not allow. Id. at 757–58.

In summary, the Court finds that Gordon-Fortune has not demonstrated that her proposed intervenor complaint shares common questions of law or fact supporting permissive intervention under Rule 24(b)(1).

---

[2] The Complaint does allege that Eric Smith issued fraudulent "write-ups" of Plaintiff Walls (ECF No. 1 ¶¶ 14–15), but, even construing all inferences in favor of the intervening party, the Court does not find that this would reasonably require proof of Defendant's failure to properly investigate alleged incidences of sexual harassment.

11

> **B.    Granting Gordon-Fortune's Rule 24(b) Motion to Intervene would unduly prejudice Defendant, would unnecessarily complicate Walls's case, and is not the least intrusive means to protect Gordon-Fortune's rights.**

Even if Gordon-Fortune's case shared a single question of law or fact with Walls's case, which it does not, the Court would still not grant the Motion. Allowing Gordon-Fortune to intervene would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The addition of Gordon-Fortune's Title VII sexual harassment and retaliation claims to Walls's case would "needlessly complicate the trial in this matter . . . ." Seils, 199 F.R.D. at 513; see also Peters, 873 F. Supp. 2d at 220 ("The differences in each Movant and plaintiff's experiences would unduly complicate and confuse the circumstances that apply to each party."). ADEA and Title VII cases are analyzed under different burden-shifting frameworks and apply different standards of causation. For example, an ADEA claim requires proof of "but for" causation, Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009), whereas a Title VII sexual harassment claim applies a motivating factor standard of causation, see Trepka v. Bd. of Educ., 28 F. App'x 455, 461 (6th Cir. 2002) ("[A]n employee must demonstrate that the allegedly harassing conduct was motivated by a bias towards the employee's protected class."). Walls's ADEA claim also requires proof of an adverse employment action, see Mickey v. Zeidler Tool and Die Co., 516 F.3d 516, 521 (6th Cir. 2008), whereas Gordon-Fortune's hostile work environment claim does not, see Blackburn v. Shelby Cty., 770 F. Supp. 2d 896, 931–32 (W.D. Tenn. 2011) (discussing the elements of a Title VII hostile work environment claim). Including Gordon-Fortune's distinct statutory claims would therefore unnecessarily add complexity to two relatively straightforward employment discrimination cases. See Seils, 199 F.R.D. at 513.

Gordon-Fortune's requested intervention would also necessarily prejudice the rights of existing parties in the case. See Fed. R. Civ. P. 24(b)(3). Plaintiff Walls seeks reinstatement as a remedy in his case. (See ECF No. 1 ¶ 21.) Walls's last held the position of general manager at the Collierville, Tennessee Kay Jewelers. (Id. ¶ 3.) Gordon-Fortune also seeks reinstatement. (Proposed Intervenor Complaint, ECF No. 14-1.) At the time of her firing, Gordon-Fortune held the position of general manager at the same Kay Jewelers location. (Id. ¶ 10.) Both Walls and Gordon-Fortune therefore seek reinstatement to the same position, which would necessarily prejudice Walls.

Gordon-Fortune's intervention would also prejudice Defendant Sterling Jewelers by expanding the scope of the litigation. See Peters, 873 F.3d at 220–21; see also In re Fin. Oversight and Mgmt. Bd. for Puerto Rico, 301 F. Supp. 3d 272, 274 (D.P.R. 2017) ("[P]ermitting intervention by the UCC would unduly prejudice the existing parties by substantially expanding the scope of the litigation."). As stated supra, Walls and Gordon-Fortune's cases assert unique and distinct claims of employment discrimination. Trying these claims together would present significant evidentiary issues. For example, evidence that Smith engaged in extensive sexual harassment and that Defendant retaliated against Gordon-Fortune by terminating her employment would not be relevant to Walls's claims of age discrimination, and the relevance of any such evidence would be outweighed by the significant risk of prejudice to Defendant in Walls's case. See Fed. R. Evid. 403. Gordon-Fortune's Motion also suggests that she intends to expand the scope of this litigation to include evidence of other individuals who were subject to unlawful discrimination and harassment while working for Defendant. (See Mot. to Interv., ECF No. 23 at PageID 71–73.) Gordon-Fortune asserts that her case and Walls's case "present the first opportunity for a

13

court to look inside Sterling's 'insidious' 'lock box'"; it is not clear such an "opportunity" is presented by Walls's Complaint. (Id. at PageID 73.) This would fundamentally change the nature of Walls's case as alleged in his Complaint.

Gordon-Fortune also can effectively assert her rights by the filing of a separate suit without intervening in this case. See Head v. Jellico Hous. Auth., 870 F.2d 1117, 1124 (6th Cir. 1989) ("[A] charge of abuse of discretion in the denial of a motion for permissive intervention appears to be almost untenable on its face when the appellant has other adequate means of asserting her rights."); see also Korioth v. Brisco, 523 F.2d 1271, 1279 n.25 (5th Cir. 1975) (same); Halo Wireless, Inc. v. Tenn. Regulatory Auth., No. 3:12–0302, 2012 WL 1980718, at *5 (M.D. Tenn. June 1, 2012) (denying Rule 24(b) motions to intervene when the intervening plaintiffs "ha[d] a clear alternative route to protecting their rights"); Doe v. Cin-Lan, Inc., No. 08–cv–12719, 2011 WL 37970, at *4 (E.D. Mich. Jan. 5, 2011) ("[T]he Proposed Intervenors here are able to assert their rights through less disruptive means than intervening in this case."). Gordon-Fortune can easily assert her rights by filing a separate lawsuit against her former employer, given that the she was issued a right to sue letter by the EEOC and that Title VII's 90-day filing period has not passed. See Williams v. Sears, Roebuck & Co., 143 F. Supp. 2d 941, 944 (W.D. Tenn. 2011); see also 42 U.S.C. § 2000e–5(f)(1)). (Apr. 13, 2020 Right to Sue Letter, ECF No. 23-3.) Filing of a separate suit would also have no disruptive effect on Walls's case. See Cin-Lan, Inc., 2011 WL 37970, at *4.

Finally, Rule 24(b) is not the most appropriate means by which to join these two cases. The Federal Rules provide more effective means of joining these cases without imposing the burdens associated with permissive intervention. For example, Federal Rule of Civil Procedure 42(a) allows parties to consolidate cases for pretrial management to avoid

"unnecessary cost or delay."[3] Fed. R. Civ. P. 42(a). Rule 42 importantly allows the Court to order separate trials "to avoid prejudice, or to expedite and economize" the action. Fed. R. Civ. P. 42(b). Rule 42(a) is also far less disruptive than intervention under Rule 24(b) because "[c]ases consolidated under Rule 42(a) . . . retain their separate identity." Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 412 (6th Cir. 1998); see also Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496–97 (1933) ("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."). Because Gordon-Fortune's Motion focuses on the potential for overlapping discovery between her case and Walls's case, Rule 42(a) would appear to be the more appropriate avenue for her intended relief.

In summary, the Court finds that Gordon-Fortune's intervention in this case would unduly prejudice the parties and would needlessly complicate a relatively simple case. Gordon-Fortune also has other adequate means of protecting her rights that involve far less intrusive means.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Gordon-Fortune's Motion to Intervene.

**SO ORDERED**, this 1st day of June, 2020.

                                            /s/ Jon P. McCalla
                                            JON P. McCALLA
                                            UNITED STATES DISTRICT JUDGE

---

[3] The Court does not suggest that Walls's and Gordon-Fortune's cases are candidates for consolidation under Rule 42(a). As stated supra, the two cases do not share easily discernible common questions of law or fact. See Fed. R. Civ. P. 42(a) ("If actions before the court involve *a common question of law or fact* . . ." (emphasis added)).