IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOHN WALLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 19-cv-02844-JPM-tmp |
| | ) |
| STERLING JEWELERS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND
MOTION TO COMPEL AND GRANTING DEFENDANT'S MOTION FOR PROTECTIVE
ORDER

Before the court by order of reference is Plaintiff John
Walls's Second Motion to Compel and Defendant Sterling Jewelers,
Inc.'s Motion for Protective Order, both of which were filed on
October 27, 2020. (ECF Nos. 44-46.) Both parties filed responses
to the respective motions on November 10, 2020. (ECF Nos. 47, 49.)
For the reasons below, Walls's Second Motion to Compel is GRANTED
in part and DENIED in part and Sterling's Motion for Protective
Order is GRANTED.

I.   BACKGROUND

Plaintiff John Walls has asserted claims under the Age
Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"),
and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101

("THRA"), against defendant Sterling Jewelers, Inc. ("Sterling"). (ECF No. 1.) The facts underlying Walls's complaint have been set forth in other orders by this court, but a brief recitation is necessary to resolve the instant motions. (See ECF No. 25 at 3.) Walls is a former general manager at a Kay Jewelers store (owned by Sterling) in Collierville, Tennessee. (ECF No. 1 at 2.) He served as general manager for fourteen years until he was terminated on June 18, 2018, at age forty-nine. (Id.) Walls was replaced by Chastity Gordon-Fortune, a twenty-five-year old woman. (Id.) According to the complaint, his supervisor, Eric Smith, "undertook a campaign to eliminate older workers and replace them, primarily, with young females." (Id. at 3.) Additionally, several female Sterling employees have accused Smith of sexual harassment and Sterling of retaliation for terminating them after making formal complaints.[1] (ECF No. 23.) Consequently, much of the disputed discovery in the case has centered around Smith's alleged

---

[1]Separate from this lawsuit, Gordon-Fortune and Tiffany Robinson, another former Sterling employee, have sued Sterling for sexual harassment and retaliation under Title VII and the THRA. Gordon-Fortune v. Sterling Jewelers, Inc., 20-cv-02567-JTF-atc (W.D. Tenn.). While the facts to that lawsuit are largely not pertinent to the matters currently before the court, the lawsuit is relevant in one respect: Walls's allegation that he was fired because of Smith's attraction to Gordon-Fortune, and his assertion that Gordon-Fortune's sexual harassment claim against Smith is evidence of that intention. (ECF No. 47 at 2.)

history of sexual misconduct while employed by Sterling and Sterling's discovery responses.

This court tangentially addressed whether Smith's history of sexual harassment is relevant to Walls's complaint when Gordon-Fortune moved to intervene as an additional plaintiff on April 18, 2020. (ECF Nos. 23, 25.) District Judge Jon P. McCalla denied Gordon-Fortune's motion, holding that allowing her to intervene would "unduly prejudice the parties and would needlessly complicate a relatively simple case." (ECF No. 25 at 15.) In particular, Judge McCalla opined: "Walls's ADEA claim arises out of conduct that is wholly distinct from Gordon-Fortune's claims of sexual harassment and retaliation" and "the inadequacy of Sterling Jewelers's investigations into complaints of sexual harassment against Smith . . . [have] no bearing on Walls's age discrimination case." (Id. at 9-10.)

Walls filed his first motion to compel on August 31, 2020. (ECF No. 28.) Sterling responded on September 11, 2020. (ECF No. 30.) Subsequently, Walls supplemented his motion to compel on October 1, 2020, to include more specific requests regarding district sales data and Sterling's affirmative defenses. (ECF No. 38.) Sterling moved to strike the supplemental filing on October 2, 2020, and Walls filed a response later that day. (ECF Nos. 40-41.) The undersigned held a video hearing regarding the motion to compel on October 5, 2020. (ECF No. 42.) The next day, the

undersigned entered an order ("the October 6 Order") denying the motion to strike and granting in part and denying in part Walls's motion to compel. (ECF Nos. 42-43.) Specifically, the undersigned ordered Sterling to produce district sales data for Smith's district dating back to 2015, all internal age discrimination complaints made against Smith dating back to 2015, and the internal sexual harassment complaints filed by Gordon-Fortune and Cassie Worley, another former Sterling employee. (ECF No. 43.) The undersigned expressly denied Walls's request for information regarding Sterling's investigations of age discrimination complaints made against other supervisors. (Id.) In the hearing, the undersigned clarified the court's position that Walls's inquiries into Smith's alleged sexual misconduct should be limited to just the Gordon-Fortune and Worley complaints that were filed with Sterling and should not delve into the thoroughness of Sterling's investigations. (ECF No. 49-1 at 40-41.)

With this order in hand, the parties continued on with discovery, though the dispute was apparently not resolved. The dispute came to a head on October 23, 2020, when Walls was deposing Nick Slabaugh, an HR-investigator for Sterling. (ECF No. 44.) During the deposition, Sterling asserted the attorney client privilege for every question that Walls asked about Slabaugh's attempts to comply with the October 6 Order. (ECF No. 44 at 3-4.) Sterling then adjourned the deposition after counsel for Walls

began to ask questions about Slabaugh's investigation into Gordon-Fortune's sexual harassment complaint and Sterling's response to the complaint. (ECF No. 44 at 5-6.) In the meantime, Sterling produced two internal sexual harassment complaints: Gordon-Fortune's and an anonymous redacted complaint that Sterling attributed to Worley. (ECF No. 49 at 3.) Walls, however, contends that the redacted complaint was not filed by Worley and instead was filed by an unknown third female employee. (ECF No. 44 at 7-8.) Sterling did not produce any supporting documents, such as witness statements or investigation details, that corresponded to either complaint. (ECF No. 49 at 4.)

On October 27, 2020, Walls filed a second motion to compel, specifically focusing on four categories of information: Worley's sexual harassment complaint, all supporting evidence for Gordon-Fortune's sexual harassment complaint, Sterling's internal complaint into an October 2018 incident where Smith was accused of sexual harassment at a manager's meeting in Anaheim, California, and for leave to depose Slabaugh regarding his knowledge of sexual harassment complaints filed against Smith, his knowledge of how Sterling maintained its records of sexual harassment complaints, his knowledge of the records Sterling searched to comply with the October 6 Order, his knowledge of how Sterling handled sexual harassment complaints made against Smith, and his knowledge of the unredacted version of the anonymous sexual harassment complaint.

- 5 -

(ECF No. 44.) That same day, Sterling filed a motion for a protective order, seeking to prohibit Walls from deposing Slabaugh about Sterling's investigations into sexual harassment complaints and about Sterling's investigations into age discrimination complaints filed against employees other than Smith. (ECF No. 45.)

Sterling responded to the Second Motion to Compel on November 10, 2020, arguing that Walls's motion sought privileged information and exceeded the scope of the October 6 Order. (ECF No. 49.) Walls responded to Sterling's Motion for Protective Order that same day, arguing that the October 6 Order demonstrated that Smith's history of sexual harassment was relevant to the case. (ECF No. 47.)

## I.    ANALYSIS

### A.    Standard of Review

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Trial courts have broad discretion in setting the scope of discovery. Kutzback v. LMS Intellibound, LLC, No. 2:13-cv-02767-JTF-cgc, 2020 WL 1317345, at *5 (W.D. Tenn. Mar. 17, 2020) (citing Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 402 (6th Cir. 1998)). The court must "limit the frequency or extent of discovery . . . if it determines that

- 6 -

. . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Evidence need not be admissible under the Federal Rules of Evidence to be within the scope of discovery. See Shabazz v. Centurion, No. 1:17-cv-01051-JDT-cgc, 2020 WL 1442976, at *2 (W.D. Tenn. Mar. 24, 2020) (citing Fed. R. Civ. P. 26(b)(1)). That said, "[i]nformation that is 'negligibly relevant [or] minimally important in resolving the issues' does not satisfy the standard." Doe v. Ohio State Univ., No. 2:16-cv-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (quoting VHT, Inc. v. Zillow Grp., Inc., No. C15-1096JLR, 2016 WL 7077235, at *1 (W.D. Wash. Sept. 8, 2016)). The party seeking discovery is obligated to demonstrate relevance. Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019).

Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. William Powell Co. v. OneBeacon Ins. Co., 2017 WL 3927525 (S.D. Ohio June 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are used to determine proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the

importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 26 also provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). As such, the court has discretion to limit the scope of discovery by "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). "To determine whether good cause exists, and the proper level of protection, the court 'must balance the requesting party's need for discovery against the resisting party's claimed harm that will result from disclosure.'" Westbrook v. Charlie Sciara & Son Produce Co., No. 07-2657 MA/P, 2008 WL 839745, at *4 (W.D. Tenn. Mar. 27, 2008) (quoting In re Michael Wilson & Partners, Ltd., No. 06-cv-02575-MSK-KLM, 2007 WL 3268475, at *1 (D. Colo. Oct. 30, 2007)). "The burden of establishing good cause for a protective order rests with the movant." Nix v. Sword, 11 F. App'x 498, 500 (6th Cir. 2001).

## B.   Scope of Discovery

Resolving the dual motions before the court requires establishing the proper scope of discovery in this case. Walls's complaint alleges that a specific supervisor, Smith, terminated his employment in favor of hiring a younger woman, Gordon-Fortune.

To be successful in his ADEA claim, Walls must show that he was discharged or discriminated against with respect to his compensation, terms, conditions, or privileges of employment, because of his age. Hawkins v. Dolgencorp, LLC, Nos. 3:09-CV-274, 3:10-CV-030, 2011 WL 1321399, at *2 (E.D. Tenn. Apr. 1, 2011) (citing Geiger v. Tower Auto., 579 F.3d 614, 620-623 (6th Cir.2009)). Similarly, to succeed on his age discrimination claim under the THRA, Walls must show that he (1) was a member of the protected class, (2) was qualified for the position, (3) was terminated, and (4) was replaced by a substantially younger person. Bundy v. First Tenn. Bank Nat. Ass'n, 266 S.W.3d 410, 416-17 (Tenn. Ct. App. 2007). Thus, the primary issue in this case is Smith's motive in terminating Walls and hiring a younger woman to replace him.

Contrary to Walls's assertion, the court, in compelling Sterling to provide Worley's and Gordon-Fortune's sexual harassment complaints, did not intend to imply that Smith's history of sexual harassment at Sterling is relevant and proportional to the needs of this case.[2] See, e.g., W. Dooley v. Recreation & Parks Comm'n for Parish of E. Baton Rouge (BREC), No. 08-715-A-M2, 2009

---

[2] In granting Wall's motion to compel the Worley and Gordon-Fortune internal complaints, the undersigned referenced Gordon-Fortune's separate lawsuit and noted that "I'm sure other aspects of . . . her investigation . . . will come into play in this other case, not in this case." (ECF No. 49-1 at 41.)

WL 1939022, at *4 (M.D. La. July 6, 2009) ("[C]ourts must establish 'reasonable boundaries on the type of discovery permissible by limiting the discovery to the relevant time period, to the particular type of discrimination alleged in the complaint, and to the divisions or departments where the plaintiff and his/her supervisors worked.") (internal citations and quotations omitted); Averett v. Honda of Am. Mfg., Inc., No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio Mar. 24, 2009) ("[A] plaintiff's discovery is normally limited to the employer's conduct toward similarly situated employees who were supervised by the same supervisors alleged to have engaged in the unlawful discriminatory conduct.").

Indeed, the undersigned stated in the hearing on Wall's first motion to compel that it would be "problematic" to open the door for discovery into Sterling's investigations into Smith's sexual harassment, including the investigations into whether Smith sexually harassed Worley or Gordon-Fortune, because Walls's complaint asserts a narrow allegation that Smith terminated his employment to make room for a younger employee. See, e.g, Coultas v. Carlisle Brake & Friction, Inc., No. 1:16 CV 2598, 2018 WL 9869746, at *4 (N.D. Ohio Mar. 30, 2018) (granting a motion to quash a subpoena because information related to a defendant's employment practices with respect to race and gender was irrelevant to the plaintiff's isolated claim of age discrimination); Albritton v. CVS Caremark Corp., No. 5:13-CV-218-TBR-LLK, 2015 WL

4598982, at *5 (W.D. Ky. July 30, 2015) (finding that evidence that a defendant continued to employ younger employees who misfilled prescriptions exceeded the scope of discovery in an age discrimination case because "Plaintiff alleged that Defendants terminated his employment because of his age and under various pretexts, none of which is an incorrectly filled prescription[,]" and because "[no] connection exist[ed] between Defendants' decision to terminate Plaintiff, lawfully or not, and decisions regarding the retention of younger employees incorrectly filling prescriptions"); Hill v. Motel 6, 205 F.R.D. 490, 493 (S.D. Ohio 2001) (denying a motion to compel evidence relating to a defendant-employer's policy or practice of age discrimination because the case presented "a discrete dispute over Defendants' motives for the single decision to terminate Plaintiff's employment, rather than a more expansive challenge to Defendants' company-wide policies or practices").

This is consistent with District Judge McCalla's order denying Gordon-Fortune's motion to intervene, where Judge McCalla found that "[Slabaugh's] testimony appears to have no bearing on Walls's case. His testimony would directly relate to the inadequacy of Sterling's investigations into complaints of sexual harassment against Smith, which has no bearing on Walls's age discrimination case," and that "evidence that Smith engaged in extensive sexual harassment and that Defendant retaliated against Gordon-Fortune by

terminating her employment would not be relevant to Walls's claims of age discrimination." In short, Smith's alleged history of sexual misconduct is not relevant to whether he terminated Walls because of his age, and discovery therein "would lead to a slippery slope" of overproduction of information that is disproportionate to the needs of the case.[3] Albittron, 2015 WL 4598982, at *5.

As such, Walls's motion to compel Sterling to produce supporting evidence to Gordon-Fortune's complaint, evidence of Sterling's investigation into an October 2018 manager's meeting, and to reproduce Slabaugh for a deposition about his knowledge of sexual harassment complaints against Smith, his knowledge of Sterling's policies and actual practice in relation to complaints made against Smith for sexual harassment, and his knowledge of the investigation into the anonymous sexual harassment complaint is DENIED. Further, Sterling's motion for a protective order to

---

[3]Walls also argues that Sterling's investigatory practices into sexual harassment complaints are relevant and discoverable in light of Sterling's affirmative defenses. However, this court has twice found that Sterling's affirmative defenses do not invite broad discovery in this case. In ruling on the motion to intervene, Judge McCalla found "This affirmative defense is not relevant to Walls's Complaint, because his Complaint does not put at issue Sterling Jewelers' failure to investigate complaints he filed against Smith, nor does it require inquiry into the adequacy of Sterling Jewelers' internal investigations and complaint procedures." (ECF No. 25 at 11.) In ruling on the first motion to compel, the undersigned found that Sterling's affirmative defenses only applied to the extent that there was an investigation into Walls's complaint against Smith and that "it really doesn't have any . . . real relevance to the issues at hand." (ECF No. 49-1 at 50.)

prohibit Walls from deposing Slabaugh about Sterling's investigations into sexual harassment complaints made against Eric Smith or any other Sterling employee is GRANTED.

**C.  The Worley Complaint**

Walls also seeks to compel Sterling to produce a sexual harassment complaint allegedly submitted by Worley, as was required by the October 6 Order. In its motion to compel, Walls offered testimony from several witnesses to show that such a complaint exists. Sterling, however, asserts that it does not have any record of a complaint filed by Worley. Instead, Sterling produced an anonymous (and redacted) complaint that it (apparently incorrectly) attributed to Worley. Because Sterling has not produced the Worley complaint after having been ordered to do so by this court, this request is GRANTED. If no such complaint exists, Sterling must supplement its responses to reflect that.

As for Walls's request for Sterling to produce the unredacted version of the anonymous complaint, Sterling argues that the complaint was made via its TIPS telephone line and that the redacted portions consist of Sterling's investigations into the complaint. As found above, Sterling's internal investigations into sexual harassment complaints are beyond the scope of discovery in this case. Walls's motion to compel an unredacted version of the anonymous complaint is GRANTED to the extent that any remaining redactions only conceal Sterling's investigation into the

- 13 -

complaint. If Sterling has already limited its redactions to portions of the TIPS report that represent Sterling's investigation, Sterling must supplement its responses to reflect that.

**D.   Sterling's Efforts to Comply with the Order on the First Motion to Compel**

As for whether Walls can depose Slabaugh about Sterling's attempts to comply with the October 6 Order, the undersigned finds that the steps Slabaugh took to comply with the order are discoverable, but that counsel for Sterling's instructions to Slabaugh are not. Likening compliance with a court order to a litigation hold, Sterling argues that any information regarding Sterling's efforts to comply with the order is protected by the attorney-client privilege. See EPAC Techs., Inc. v. Thomas Nelson, Inc., No. 3:12-cv-00463, 2015 WL 13729725, at *2 (M.D. Tenn. 2015) ("Generally, litigation holds letters are privileged and are not discoverable."). However, the attorney-client privilege protects communications, not the underlying facts communicated. Upjohn Co. v. United States, 449 U.S. 383, 395 (1981). Accordingly, the steps that a records custodian took to comply with a court order are not privileged simply because the witness learned what to do through counsel. See In re Grand Jury Subpoena Duces Tecum, 731 F.2d 1032, 1037 (2nd Cir. 1984) ("[I]t is important to bear in mind that the attorney client privilege protects communications rather than

information; the privilege does not impede disclosure of information except to the extent that the disclosure would reveal confidential communications."). That said, instructions and communications between counsel and a records custodian are not discoverable. See John B. v. Goetz, 879 F. Supp. 2d 787, 893 (M.D. Tenn. 2010) (citing Upjohn Co., 449 U.S. at 391) ("Communications, including memoranda or notes on such communications, by corporate employees to corporate counsel and outside counsel are covered by the attorney client and work-product privileges."). The motion to compel Slabaugh's testimony is GRANTED to the extent it relates to the steps Sterling took to comply with the October 6 Order.

**E.   Other Age Discrimination Complaints**

The only remaining topic before the court is Sterling's motion for a protective order prohibiting Walls from inquiring into any age discrimination complaints (or investigation of such complaints) made against any employee other than Smith. Walls does not appear to be seeking to compel the discovery of other age discrimination complaints or any investigations thereof. The undersigned found in the October 5 hearing that, "given the pretty unique and very specific allegations as to the motivation for terminating Mr. Walls," investigations into other age discrimination complaints are outside of the scope of discovery and expressly denied this discovery request. Because this information is outside of the scope of Rule 26(b)(1), the court

- 15 -

finds that Sterling's motion for a protective order should be and is hereby GRANTED.

**F.   Attorney's Fees**

Both parties have requested this court award reasonable attorney's fees in connection with preparing their respective motions. Pursuant Federal Rule of Civil Procedure 37(a)(3)(C), if a court grants in part and denies in part a motion to compel and issues a corresponding protective order, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." At this time, the undersigned finds that it is reasonable for each side to pay its own fees and expenses in filing these motions.

## II.   CONCLUSION

Based on the above analysis, Walls's Second Motion to Compel is GRANTED in part and DENIED in part and Sterling Jeweler's Motion for Protective Order is GRANTED. Sterling is hereby ORDERED to produce Worley's sexual harassment complaint or to supplement its discovery responses indicating that it does not exist within seven (7) days of this order. Further, Sterling is ORDERED to produce the anonymous sexual harassment complaint with only Sterling's investigation redacted from the document within seven (7) days of this order. When Walls resumes the deposition of Slabaugh, Walls is PROHIBITED from inquiring into any sexual harassment complaints made to Sterling regarding Smith or any other employee,

and from inquiring into any age discrimination investigation regarding employees other Smith.

      IT IS SO ORDERED.

                                               s/ Tu M. Pham_____
                                             TU M. PHAM
                                             Chief United States Magistrate Judge

                                           December 11, 2011_____
                                           Date